## Case No. 13,333.

### STEAM PACKET CO. v. BRADLEY.

[5 Cranch, C. C. 393.] [1]

Circuit Court, District of Columbia. March Term, 1838. [2]

ACTION — IDENTITY — CONTRACTS — PAROL EVIDENCE.

1. The criterion by which to decide whether two suits are for the same cause of action, is whether the evidence properly admissible in the one will support the other.

2. Parol evidence of the object and intention of a party in entering into a written agreement, and of the circumstances which induced him to make the contract. is not admissible, if there be no ambiguity in the written contract.

Assumpsit, upon the same cause of action as that in the case between the same parties in 9 Pet. [34 U. S.] 107, in which the judgment was reversed in January term, 1835, because it appeared by the record that the writ of capias ad respondendum was issued before the cause of action had accrued.

1 [Reported by Hon. William Cranch, Chief Judge.]

2 [Reversed in 13 Pet. (38 U. S.) 89.]

The writ of error, upon which it was reversed, was issued in January, 1834. While it was depending in the supreme court unreversed, the plaintiffs sued out the capias ad respondendum in the present suit, on the 24th of December, 1834. In January, 1835, the supreme court reversed the first judgment, and sent the cause back with an order to issue a venire de novo, and thus it stood until the 22d of June, 1838, when the plaintiffs directed a non-pros. to be entered. On the 7th of March, 1836, the plaintiffs filed a declaration precisely like that in the former case; to which the defendant pleaded in abatement the pendency of the former suit. To this plea the plaintiffs replied, in effect, that the writ in the former case issued before the cause of action accrued, and therefore the evidence to support the present action was improperly admitted in the former suit, and that the judgment of this court in that suit was reversed by the supreme court upon that ground. To this replication the defendant demurred.

Mr. Marbury, for plaintiffs. The record in the former case shows that the plaintiffs had then no cause of action, and unless they could have recovered in that action, it is no ground of abatement of the present suit. But the former record is extinguished by the reversal before the plea pleaded, so that nul tiel record might have been pleaded. Knight's Case, 1 Salk. 329, 2 Ld. Raym. 1014; Marston v. Lawrence, 1 Johns. Cas. 397.

Mr. Jones, contra. The plaintiffs in the former suit had a good cause of action for the hire of the boat from the 20th of November to the 2d of December, 1831, the date of the first writ; and the present suit covers the same time. To that extent, the cause of action is the same in both causes. The error of this court was, in instructing the jury that the plaintiffs could recover for the hire from the 2d of December to the 7th of February. The judgment of this court was reversed, but a venire de novo was ordered; so that the record remains, although the judgment is reversed. The first action is still pending.

Mr. Bradley, on the same side, cited 2 Chit. Pl. 469, for the form of the plea in abatement.

Mr. Coxe, in reply. There had been two suits brought by these plaintiffs, one against Mr. May, and one against Mr. Bradley, which had been settled or abandoned; and the parties agreed that a new suit should be docketed, to try the present question; but instead of docketing a new suit, the plaintiffs inadvertently filed their declaration in one of the former actions, in which the writ had issued prior to the present cause of action. The plea should have shown that the plaintiffs might have recovered in the former action, to the extent claimed in the present action. If they could have recovered in the

former only a part of what they now claim, the abatement can only go to that partial extent; and, having been pleaded to the whole of the present cause of action, it is bad. If the contract was entire to pay in one sum for the whole detention of the boat from the 20th of November to the 7th of February, then the plaintiffs had no cause of action on the 2d of December, 1831, when the writ issued. But if the contract was to pay $35 a day, de die in diem, then the plaintiffs had only a cause of action for the hire of the boat up to that day; but his cause of action now is for the whole time of the detention of the boat, from November 20 to 7th February, so that the cause of action is not the same. As to the time from the 2d of December to the 7th of February, the first suit would not protect the plaintiff's cause of action from the statute of limitations.

Before CRANCH. Chief Judge, and MORSELL, Circuit Judge.

CRANCH, Chief Judge. On the 2d of December, 1831, the writ in the first suit was issued, returnable to December term, 1831. The declaration contained two counts: (1) Indebitatus assumpsit for $2,765, for the use and hire of the steamboat Franklin. (2) Quantum meruit for the hire and use of the same boat; and that they deserved to have therefor the sum of $2,415. The jury found a verdict for the plaintiffs for $2,415, with interest from the 6th of February, 1832; and judgment was rendered accordingly. The bill of exceptions taken at the trial in November term, 1833, shows that the plaintiffs claimed, and the court instructed the jury, that if they believed certain facts therein stated, the plaintiffs were entitled to recover at the rate of $35 per diem from the 20th of November, 1831, to the 6th of February, 1832, both days inclusive. Upon a writ of error, the supreme court of the United States, at January term, 1835, reversed the judgment, and ordered a venire de novo, because it appeared by the record "that the jury was instructed to give damages to a time long posterior to the institution of the suit," the writ having issued on the 2d of December, 1831, and the defendant having appeared on the 1st Monday of December, 1831, and laid a rule on the plaintiffs to declare. This error was not noticed in the court below, or rather, as it seems, the record did not correspond with the facts, the parties having agreed, after the 7th of February, 1832, to docket a cause by consent; but as a writ had been issued on the 2d December, 1831, for a cause of action which was abandoned, the entries were made in the suit thus commenced on the 2d of December, instead of docketing a new suit according to the agreement of the parties. While the same cause was pending in the supreme court upon the writ of error, to wit, on the 24th of December, 1834, the plaintiffs sued out a new capias ad re-

spondendum against the defendant William A. Bradley; and on the 8th of January, 1836, filed their declaration thereupon, precisely in the same words as those of the declaration in the former cause. To this new declaration, the defendant, on the 7th of March, 1836, pleaded, that before the issuing of the said writ in this cause, namely, at December term, 1831, the plaintiffs "impleaded the said defendant, and filed their declaration against him in a plea of trespass on the case of and upon the very same identical promises and undertakings in the said declaration in this present suit mentioned, as by the record and proceedings thereof remaining in the said court may more fully appear; in which said suit a trial was had and judgment therein by the said court rendered against the said defendant; from which said judgment the said defendant then and there prayed an appeal to the supreme court of the United States, in due form of law, which said prayer was granted, and the said cause was thereupon removed to the said supreme court, at the January term thereof, in January, in the year 1834; and the' said defendant further says, that the parties in this and the said former action are the same, &c., and that the said suit so brought and prosecuted against him the said W. A. B. as aforesaid, was still pending in the said supreme court of the United States when the writ in this action was issued; and this the said W. A. B. is ready to verify, &c., and prays judgment of the writ and declaration, and that the same may be quashed." To this plea, the plaintiffs replied, in substance, that the writ in the former case "issued prior to the rising of the cause of action in this case mentioned," and although the declaration in that cause did set forth the same cause of action as is set forth in the declaration filed in this case; yet, by the final judgment entered in that case, and which still remains in full force, it was adjudged that the said cause of action, not having arisen until after the issuing of the said writ, the evidence given to the jury in that case was improperly admitted; and the judgment of the said circuit court was, on that ground, reversed, "wherefore the plaintiffs say, that they ought not to be precluded from recovering in this action, by any thing in the said plea contained." To this replication it is understood that the defendant demurs, and the plaintiffs join in demurrer.

The criterion by which to decide whether two suits are for the same cause of action, is, whether the evidence, properly admissible in the one, will support the other. The supreme court has decided that the evidence which is admissible, and will, as we suppose, support the present action, was not admissible in, and, therefore, could not support, the former action. And it is equally clear, that so much of the evidence as might have been admissible in the former action, (namely, for the hire of the boat from the 20th of

November up to the 2d of December, 1831,) and which might have supported so much of the plaintiff's claim, will not support the whole of the present claim.

I think, therefore, that the cause of action cannot in law be considered as the same. If the contract is to be considered as for an entire sum, comprehending the thirty-five dollars a day from the 20th of November, 1831, to the 7th of February, 1832, then no part of the evidence in the former suit was applicable to that case. So that, taken in either way, I think the pendency of the former action cannot abate the present action.

THRUSTON, Circuit Judge, did not sit in the cause.

Plea in abatement overruled.

Upon the trial of the general issue, the plaintiffs relied upon the same evidence which they produced on the former trial (see the case reported in 9 Pet. [34 U. S.] 107, and 13 Pet. [38 U. S.] 89), and the defendant offered, and the court again rejected, the same parol evidence to confine the contract to the time the navigation of the river should not be obstructed by the ice, which was offered and rejected at the former trial; and the court gave the same instruction, at the instance of the plaintiffs, which they had given before.

The verdict and judgment being for the plaintiff, as in the former suit, the defendant carried the cause again to the supreme court, where the judgment was again reversed, on the ground that the court ought to have permitted the defendant's parol evidence to be given to the jury. 13 Pet. [38 U. S.] 89.

---

### STEAM PROPELLER.

[Note. Cases cited under this title will be found arranged in alphabetical order under the names of the vessels; e. g. "The Steam Propeller Edgar Baxter. See Edgar Baxter."]

---

### STEAMSHIP.

[Note. Cases cited under this title will be found arranged in alphabetical order under the names of the vessels; e. g. "The Steamship Colon. See Colon."]

---

STEAMSHIP CO. (BARNES v.). See Case No. 1,021.