[No. 989.    March 3, 1904.]

## FIRST NATIONAL BANK OF ALBUQUERQUE, Appellant, v. SUSSMAN LEWINSON, Appellee.

### SYLLABUS.

1.  A judgment upon a judgment upon a note of a firm against a partner not served nor appearing in the first action, is not obtained upon the same cause of action as the note, and is no bar to a subsequent action on the note under section 2943, Compiled Laws of 1897.

2.  A demurrer does not admit the truth of an allegation of a legal conclusion.

Appeal from the district court of Bernalillo county, before B. S. Baker, Associate Justice. Reversed and remanded.

A. B. McMILLEN for appellant.

The right of suit upon the original cause of action against individual members of the firm after suit or judgment upon said cause of action against the firm is expressly provided for in section 2943 of the Compiled Laws of New Mexico for 1897. As to parties it may be of interest to consider the provisions of sections 2894, 2895, 2942, 2943 and 2946, of the same statute.

If a judgment, against a firm only, does not constitute a cause of action against one of the individuals composing the firm, but not served with process, then, the judgment rendered against Lewinson in case No. 5808 was absolutely void, and if void it was no bar to the suit on the note.

When the complaint under the most favorable construction, does not state a cause of action, no valid judgment can be rendered thereon, and such judgment may be collaterally attacked, or the question raised for the first time on appeal.

> U. S. v. Arredondo, 6 Pet. 691, 709; Slacum v. Pomery, 6 Crauch 224; Baca v. Wilcox (New Mexico), 68 Pac. 922; Greer v. Adams, 6 Kan. 126; Craigin v. Lovell, 109 U. S. 199; Cyc. of Law & Proc., p. 691; Weill v. Green Co., 69 Mo. 286.

A failure to state a cause of action is as fatal as the lack of jurisdiction over the subject matter.

> Weill v. Green Co., supra.

Under the statute the defendant Lewinson is entitled to his day in court to present any defense which he may have to the original cause of action. Indeed, the statute specifically provides that a new action may be brought against the other members in the original cause of action.

> Lewinson v. Bank, 70 Pac. 567.

In order that a judgment may be pleaded as *res adjudicata,* the parties and the cause of action must be

identical, or if the cause of action is not the same, the specific question must have been determined in the former cause.

> Wilmington etc. Ry. v. Alsbrook, 146 U. S. 302; McComb v. Frink, 149 U. S. 641; Cromwell v. Sac. Co., 94 U. S. 353; Davis v. Brown, 94 U. S. 428; Nesbitt v. Riverside etc., 144 U. S. 618.

W. B. CHILDERS for appellee.

A judgment of a court of record, having jurisdiction of the cause and of the parties, is binding and conclusive upon parties and privies in every other court until it is regularly reversed by some court having jurisdiction for that purpose. In no collateral way can the parties question the correctness of the judgment.

> Hollister v. Abbott, 31 N. H. 448, 64 Am. Dec. 342; Elliott v. Peirsol, 1 Pet. 340; Case v. Beauregard, 101 U. S. 688; Mills v. Duryee, 7 Crauch 484; Oregon Ry. Co. v. Oregon Ry. Co., 27 Fed. 277.

In the review of questions on appeal, the appellate court is bound by the record, and matter outside of it cannot be considered.

> 2 Enc. Pl. and Pr., 363, and authorities there cited; Still v. Saunders, 8 Cal. 281.

Error to be available must clearly appear by the record proper, or be properly presented by a bill of exceptions.

> 2 Enc. Pl. & Pr., pp. 508 to 513, and authorities cited; See, also, under heading "Another Suit Pending," 1 Enc. Pl. & Pr. 730, note and authorities there cited; Steamship Telegram v. Gordon, 14 Wall 258; O'Hara v. M'Connell, 93 U. S. 150; Weis v. Schoener, 53 Wis. 72, 9 N. W. 794; In re Siering, 90 Cal. 207 27 Pac. 204; Denison v. Kansas City, 95 Mo.

416, 8 S. W. 429; White v. Buloid, 2 Paige (N. Y.) 164; Gunn v. Miller, 28 S. W. (Tex.) 278.

A writ of error must be decided upon the case as it stood at the time of the judgment below, and not by what has since occurred.

Clippinger v. Mo. Val. Life Ins. Co., 26 Ohio St. 404; Whitehead v. Spivey, 103 N. C. 66, 9 S. E. 319; Cloud v. Smith, 1 Tex. 611.

A circuit court may not strike out, at the next term, a judgment which it has rendered, even on the ground of supposed want of jurisdiction.

Bank v. Moss, 6 How. 31; Notes to U. S. Rep.

The appellate Court is also bound by the second and cannot take notice of the fact that the judgment was subsequently reversed.

2 Ency. Pl. & Pr., 363-508 to 513; Still v. Saunders, 8 Col. 281; Ry. Co. v. Towmbly, 100 U. S. 81; Sharon v. Hill, 26 Fed. 337; Freeman on Judgments, par. 328; 27 Fed. Rep. 284; Gamby v. Ray, 52 N. H. 513; Haigh v. Paris, 16 M. & W. 144; Bissell v. Williamson, 7 H. & N. 391; Bond v. White, 24 Kas. 37 (opinion by Brewer); Capehart v. Van Campen, 10 Minn. 158 (Gill 127); Harris v. Johnson, 65 N. C. 478; Gregory v. Gregory, 33 N. Y. Supr. Ct. 1; Mullen v. Mullock, 22 Kas. 598; Orman v. Lane, 30 So. 442 Ala., and cases cited; Fisk v. Atkinson, 12 Pac. 498 (Cal.); Athens v. Tarbox, 50 N. W. 1018; 1 Chit. 443; 1 Salk. 329; 2 Ld. Raym. 1014; Froggs, Ex. v. Long, Adm'r (3 Dana 157), 28 Am. Dec. 69; Singer v. Scott, 44 Ga. 659; Lecleve v. Wood, 2 Pin. 37; Damon v. Denny, 54 Conn. 253, 7 Atl. 409; Merritt v. Richards, 100 Ind. 46; Briggs v. Gardner, 15 N. Y. Sup. 335; Tomlinson v. Nelson, 6 N. W. 366; Wemple v. Johnson, 13 Wendell 515; Ben-

dernagle v. Cox, 19 Id. 207, 32 Am. Dec. 448; Long v. Juwatt, 94 N. C. 443.

The question is whether the debt sued for in the first action was the same debt sued for in the second action.

Chase v. Ninth National Bank, 56 Pa. St. 355; Watson v. Jones, 13 Wallace 679; Aurora City v. West, 7 Wallace 82; Campbell v. Rankin, 99 U. S. 261; Washington Packet Company v. Sickles, 24 Howard 333; 6 Roses Notes to U. S. Reports 55-57; McJilton v. Love, 13 Ill. 486, 54 Am. Dec. 453.

### STATEMENT.

Plaintiff brought action on a certain promissory note against the firm of Lesser & Lewinson, as such, and recovered judgment. There was no service on defendant, one of the partners, nor did he appear. Afterwards plaintiff brought action on the former judgment against defendant and recovered judgment. Defendant appealed to this court. 70 Pac. 567. During the pendency of that appeal in this court, and before the same was decided, this action was commenced in the district court upon the original cause of action, viz.: the note heretofore mentioned, as is provided may be done by section 2943, Compiled Laws of 1897. Defendant answered, setting up the recovery of the first judgment, the recovery of the second judgment upon the first, the appeal and pendency of the cause in this court, and alleging that the cause of action pleaded in this case was the same cause of action upon which the first and second judgments were obtained. Plaintiff demurred to the answer on the ground that the same stated no defense, which demurrer was overruled and, plaintiff standing on its demurrer, on motion of defendant, judgment was rendered in his favor, and plaintiff appeals.

OPINION.

PARKER, J.—In the first action, upon the note against the firm, as such, the parties were not the same as in the present action, and that judgment can not be held to be a bar to this action for that reason.

The second action, upon the first judgment, was between the same parties as the present one and, if upon the same cause of action, is a bar to the present one. Is, then, the judgment recovered in the first case and used as a cause of action in the second case, the same cause of action sued on in this case, viz.: the note? The exact question has been presented, so far as we are advised, in but two cases, in each of which it has been held that a judgment upon a note is not the same cause of action as the note. Steers v. Shaw, 53 N. J. L. 358, 21 Atl. 940; Rogers v. Odell, 39 N. H. 417. In each of these cases the plea was in abatement on the ground of another suit pending for the same cause, but the same principles apply as do to a plea in bar where the former suit has gone to judgment. The Haytian Republic, 154 U. S. 118, 128.

In the New Hampshire case, supra, action was commenced both in New Hampshire and Massachusetts, upon the same note, and judgment was first obtained in Massachusetts. Thereupon, and while the action on the note was still pending in New Hampshire, plaintiff brought action there on the Massachusetts judgment. Defendant pleaded another action pending, viz.: the action on the note. The court say:

"What is meant by the same cause of action is where the same evidence will support both actions, although the actions may happen to be grounded on different writs. This is the test to know whether a final determination in a former action is a bar or not to a subsequent action, and it runs through all the cases in the books, both for real and personal actions. It was

resolved in Ferrer's Case, 6 Rep. 7, that where one is barred in any action, real or personal, by a judgment upon demurrer, confession, verdict, etc., he is barred as to that, or the like action, of the like nature, for the same thing, forever.  By this test the two actions here in question can not be regarded as for the same cause, as the evidence by which they must be supported is essentially different.  Nothing but an authenticated copy of the judgment is admissible in this action.  In the earlier action that evidence would be clearly incompetent and inadmissible."

In the New Jersey case, the same reasoning is implied and the same result reached.

That this test, viz.:  Would the same evidence authorize a judgment in both cases? is general, if not universally adopted, see Stowell v. Chamberlain, 60 N. Y. 272; Steam Packet Co. v. Bradley, 5 Cranch. C. C. 393; Stone v. U. S., 64 Fed. 667, affirmed 167 U. S. 178; 24 Am. and Eng. Ency. (2 Ed.), 781, and note 2.

In Stowell v. Chamberlain, supra, it is said:  "It is not sufficient that the transactions involved in and giving rise to the two actions are the same; the causes of action must be identical, to the extent that the same evidence will support both.  The form of action may be different and the cause of action still the same; that is, the evidence may be equally available to support either."

In the action on the judgment, the issues were: the rendition of the former judgment; membership in the firm at that time of defendant, and his consequent liability to pay the same.  In this action, the issues are: the making and delivery of the firm note, its non-payment, and the membership in the firm of defendant at such time as to make him liable to pay the same.  Not a single ultimate fact is common to both cases, and the evidence in each case is absolutely incompetent, irrelevant and inadmissible in the other and would not authorize a judgment.  The lack of identity of causes of

action in the two cases may be made even more apparent when seen from another point of view. Suppose the plaintiff, in its action on the first judgment, in the second action had failed (as it should have done), could the defendant be heard to say in this case, that that judgment was an adjudication of defendant's non-liability on the note? Clearly not. No such issues were presented.

Mullen v. Mullock, 22 Kans. 598, seems at first sight to militate against the conclusions reached here. In that case B. caused the constable to levy an execution upon property as the property of execution defendant. M. replevined the property and succeeded, and B. appealed. While this action was pending M. brought action against the constable and his sureties, of whom B. was one, to recover the value of the property. B. pleaded the pendency of the former action. The court, per Brewer, Justice, say:

"B. can plead that the former action is between the same parties. Can he also say it is for the same cause? and, in answering the question, regard must be had more to the substance than to form. The two actions must be for the *same cause*. . . . . It may be laid down as a general proposition, that where the substantial fact or facts upon which the plaintiff's right of relief is based, are identical in the two actions, and the relief obtainable in the first includes all the relief sought in the second action, the first will abate the second, although the actions differ in form and in the relations of the defendant to the infringement of plaintiff's rights."

In that case it was held that a surety of a constable might plead a former action pending in replevin against him personally for the same property. But it will be seen that the same issues were involved in both cases, and the same evidence would support a judgment in both cases, with the single exception that in the second case the fact of B. being surety of the constable was in issue

Bank v. Lewinson.

and not in the first. The evidence in the last case would support the judgment in the first, without that portion relating to the suretyship.

It is true that in a broad sense these actions are both for the collection of the same debt but from a legal standpoint, the judgment on the note is a new debt, possessed of new characteristics, requiring different evidence in its support, and is not the same debt as the original obligation. Freeman on Judgments (3 Ed.), sec. 217; 2 Black on Judgments, sec. 677.

We know of no rule of law authorizing a departure from the principles above stated, nor have we been cited to any cases holding to the contrary, and we therefore hold that the second judgment was not properly pleadable in bar of this action.

It is urged by appellee that his allegation in his plea in bar that the cause of action in this case and the two former cases are the same, is admitted by the demurrer to the answer, but this position is untenable. The allegation is a legal conclusion and, as we have seen, an erroneous one. The demurrer admitted no allegation of a legal conclusion.

It follows, from the foregoing, that the district court erred in sustaining plaintiff's demurrer to defendant's answer, and the judgment will be reversed, and the cause remanded, with instructions to proceed in accordance with this opinion; and it is so ordered.

Mills, C. J., and McFie, A. J., concur.

Pope, J., did not participate in this decision.