[No. 4990.    Decided April 30, 1904.]

R. M. HESTER, *Appellant,* v. R. H. THOMSON *et al.,*
*Respondents.*[1]

MANDAMUS—WHEN LIES—ISSUANCE OF BUILDING PERMIT—DIS-
CRETIONARY POWERS OF BUILDING INSPECTOR—APPEAL TO BOARD OF
PUBLIC WORKS—DECISION BY QUASI JUDICIAL BODY—NO WRIT TO
COMPEL CHANGE OF JUDGMENT. Where a building inspector must
hear protests against the issuance of building permits, and refer
reasonable objections to the board of public works, and his de-
cisions are binding until reversed, and an appeal may be taken
therefrom to said board, which hears the matter upon evidence
taken, mandamus will not lie to compel such officers to issue a
building permit for a livery stable, after objections and a hearing
duly had before said board, upon which the board refused the
permit, since the inspector and board exercise discretion, and
have determined the matter in a judicial capacity, and mandamus
does not lie to compel a change of judgment.

SAME — ACTION BY BOARD — CONSTRUCTION OF ORDINANCE.    In
such a case it cannot be claimed that the board has not acted,
under an ordinance suspending proceedings until the matter is
"adjusted" by the board, since that signifies simply a determina-
tion by the board.

SAME—MOTION TO QUASH WRIT—DEMURRER—CONCLUSIONS NOT
ADMITTED.    A motion to quash a writ of mandamus for want of
sufficient facts performs the office of a demurrer, and only admits
the facts stated, and not the conclusions drawn therefrom; and
a conclusion that defendants acted capriciously and arbitrarily is
unavailing in the absence of facts in the petition showing such
action.

Appeal from a judgment of the superior court for King
county, Albertson, J., entered September 8, 1903, dis-
missing the action, upon sustaining a demurrer to the
petition. Affirmed.

*Wakefield & Petrovitsky* and *Ballinger, Ronald & Bat-
tle,* for appellant, contended, *inter alia,* that the mere

[1]Reported in 76 Pac. 734.

declaration of a local municipal board cannot preclude a judicial investigation or restrict the absolute dominion of an owner over his property. 1 Dillon, Mun. Corp. §§308-374; *Bostock v. Sams,* 95 Md. 400, 52 Atl. 665, 1130, 59 L. R. A. 282; *Yates v. Milwaukee,* 10 Wall. 505; *State v. Mott,* 61 Md. 297, 48 Am. Rep. 105; *Yick Wo v. Hopkins,* 118 U. S. 356, 6 Sup. Ct. 1064, 30 L. Ed. 220; *Baltimore v. Radecke,* 49 Md. 217, 33 Am. Rep. 239; *State v. Tenant,* 110 N. C. 609, 14 S. E. 387, 28 Am. St. 715, 15 L. R. A. 423; *Newton v. Belger,* 143 Mass. 598, 10 N. E. 464; *Richmond v. Dudley,* 129 Ind. 112, 28 N. E. 312, 28 Am. St. 180, 13 L. R. A. 587; *May v. People,* 1 Colo. App. 157, 27 Pac. 1010; *Anderson v. Wellington,* 40 Kan. 173, 19 Pac. 719; *Sioux Falls v. Kirby,* 6 S. Dak. 62, 60 N. W. 156, 25 L. R. A. 621. The ordinance is void since it restricts the owner's right of dominion, not according to any general or uniform rule, but subject to the arbitrary will of the authorities. *State v. Hunter,* 106 N. C. 796, 11 S. E. 366, 8 L. R. A. 529; *Bills v. Goshen,* 117 Ind. 221, 20 N. E. 115, 3 L. R. A. 261; *State v. Webber,* 107 N. C. 962, 12 S. E. 598; 22 Am. St. 920; *Tugman v. Chicago,* 78 Ill. 405; Horr & B., Mun. Ord., §13; and cases *supra.* A livery stable is not a nuisance *per se,* and a court of equity cannot restrain the building or use of one. *Kirkman v. Handy,* 11 Humph. (Tenn.) 406, 54 Am. Dec. 45; *Shiras v. Olinger,* 50 Iowa 571, 32 Am. Rep. 138. That a trade is disagreeable and lessens the value of adjacent property is not sufficient ground to prohibit it, when it is not a nuisance. Addison, Torts (Wood's ed.), §219; *Huckenstine's Appeal,* 70 Pa. St. 102, 10 Am. Rep. 669; *St. Helen's Co. v. Tipping,* 11 H. L. C. 642, 11 Eng. Rep. Reprint 1483; *Ross v. Butler,* 19 N. J. Eq. 294, 97 Am. Dec. 654. Mandamus lies

if there has been in fact no actual and bona fide exercise
of judgment and discretion.　19 Am. & Eng. Enc. Law
(2d ed.), 739; .Wood v. Strother, 76 Cal. 545, 18 Pac.
766, 9 Am. St. 249; State v. Barnes, 25 Fla. 298, 23
Am. St. 516; Hull v. Supervisors, 19 Johnson 259, 10
Am. Dec. 223.　Also if the discretion is exercised in
an arbitrary or capricious manner.　19 Am. & Eng.
Enc. Law (2d ed.), 737; 13 Enc. Plead. & Prac., 527;
Moody v. Fleming, 4 Ga. 115, 48 Am. Dec. 210.

M. Gilliam and John B. Hartman, for respondents.

Hadley, J.—Appellant brought this action against re-
spondents, and seeks a writ of mandate to compel re-
spondents to adjust the matter of appellant's application
for a permit to erect a livery and feed stable, and to
issue a permit to erect such building upon certain prop-
erty described as follows:　Lots 1 and 4, in block 36,
of C. D. Boren's addition to the city of Seattle.　An
alternative writ of mandate was issued, and the respond-
ents thereupon moved to quash the writ, for the rea-
son that the petition does not state facts sufficient to
constitute a cause of action.　The motion was granted,
and, the appellant having elected to stand upon his peti-
tion, declining to plead further, judgment was entered
dismissing the action.　This appeal is from that judg-
ment of the superior court.

By the petition for the writ of mandate the following
facts are made to appear:　Section 478 of the Revised
Ordinances of the city of Seattle is as follows:

"No building, any part of which is within the limits
or within forty feet of the property of any adjoining
owner, shall be erected for or converted to use as a
stable, unless such use is authorized by the board of
public health, after public hearing is had, after written
notice to the adjoining owners, and after public notice,

published at least three times, and at least ten days before the hearing, in the city official paper."

The petition alleges a compliance with the above ordinance provision, and that, after a regular public hearing before the board of public health, that body granted the petitioner authority to erect the stable on the premises described. Section 446 of the Revised Ordinances of the city is as follows:

"When any person or corporation desires to erect, alter, repair, raise, lower or remove any structure within the corporate limits of the city of Seattle, before beginning any work on same, such person or corporation shall make formal application to the inspector of buildings for a permit to do the work, restoration of plastering or painting excepted. Such application must be filed at least two full days before a permit is issued, for first or second class buildings or other buildings in the fire limits, if required by the inspector."

It is alleged that, in pursuance of the above section, the petitioner filed his application with the inspector of buildings, together with the evidence of authority granted by the board of public health, as aforesaid, and also blue print copies of the drawings, and typewritten specifications of the proposed building, as by ordinance required; but that said officer refused to grant the permit. Section 451 of the Revised Ordinances is as follows:

"In case objections are filed against any structure to be erected, the same shall be referred to the board of public works, and the permit for doing the work shall not be issued, or if the same has been theretofore issued, shall be considered as of no effect until the matter is adjusted by said board."

The petition further shows that the inspector of buildings refused to grant the permit for the reason that objections thereto had been filed, and that he referred the matter to the board of public works, under the terms

of the last quoted section. It is alleged that thereafter a hearing was had before the board of public works, and that, at said hearing, no objections were made that the plans and specifications of the proposed building do not comply with the building ordinances of the city; but that certain objections were filed and urged against the erection of a livery stable upon the premises described. It is further averred that the board of public works failed and refused to adjust the matter of said permit, as required by §451, *supra,* and that they have wrongfully, capriciously, and arbitrarily refused to grant the permit. The foregoing is a substantial statement of the essential facts appearing from the petition for the writ of mandate.

It is assigned that the court erred in holding that the petition does not state facts sufficient to constitute a cause of action, and also in holding that the acts of respondents, of which complaint is made, were discretionary. Appellant argues that, when an owner's absolute dominion over his property is restricted by ordinance, it should not be left to the arbitrary will of the governing authorities; that whether a certain use of property is a nuisance or not is a question which the owner has a right to have determined by judicial authority, and that the mere declaration of a local municipal board cannot preclude a judicial investigation as to the alleged nuisance. Many authorities are cited as supporting the above argument, but we do not deem it necessary to enlarge upon the points suggested therein, in view of the facts shown by the petition in this case, considered with reference to the ordinance provisions of the city of Seattle.

If it appeared that the city had attempted to leave the determination of the matters involved here to the

arbitrary will of the governing authorities, then we should probably be called upon to determine the constitutionality of such a course. We, however, do not find that the city has so attempted. We have seen that, by § 446, *supra,* applications of this character must be made to the inspector of buildings, and §449 of the Revised Ordinances provides, among other things relating to the duties of the inspector, that, ". . . if there is no reasonable objection to the work from the owner of adjoining property, a permit shall be granted, . . ." It is thus apparent that discretion is lodged with the inspector of buildings, and he shall determine whether the protest of adjoining property holders amounts to a "reasonable objection." If he shall decide that it is such, then, under § 451, *supra,* he shall refer the matter to the board of public works.

Section 452 also provides for an appeal from any decision or order of the inspector of buildings to the board of public works, and the latter shall hear the matter, receiving testimony for that purpose. It is also provided that the decision of the inspector shall be valid and binding until reversed by the board. Manifestly, therefore, the inspector must act with discretion, and in a quasi judicial capacity. Otherwise he would not be left to determine what may be reasonable objections, and there would be no appeal from his decisions. It is also clear that the board of public works must exercise like discretion, and act in a similar capacity, basing their action upon evidence which they shall receive and hear. The duties of these officers in the premises are not, therefore, purely ministerial, since they involve discretion and are judicial in their nature. In such a case mandamus does not lie for the purpose of reviewing a decision, and compelling a change of judgment. If such an officer

or board should refuse to act at all, then mandamus would lie to compel action.

"Where the duty to be performed is judicial or involves the exercise of discretion upon the part of the tribunal or officer, mandamus will lie to compel such tribunal to take some action in the premises and exercise its judgment or discretion. But the function of the writ is merely to set in motion. It will not direct how the duty shall be performed or the discretion exercised. To do so would be to substitute the judgment and discretion of the court issuing the mandamus for that of the court or officer to whom it was committed by law. No particular act can be commanded, and if the discretion is to act or not to act at all, mandamus will not lie. After the tribunal or officer has exercised the judgment or discretion vested in him, and has acted, mandamus will not lie for the purpose of reviewing the decision and compelling a change of judgment or any further action in the premises. The writ cannot be used for the correction of errors." 19 Am. & Eng. Enc. Law, p. 732, *et seq.*

The citation of authorities in support of the above quoted text covers pages of said volume, and we believe it is unnecessary to refer to authority with more particularity. The respondents in this proceeding have *acted.* They heard and considered the application for the permit, and denied it. Appellant urges that the petition shows that respondents have not *acted* within the scope of § 451, *supra,* which provides that, in case of objection, the action of the inspector shall be considered as of no effect until the matter is "adjusted by said board." It is urged that the board had not "adjusted" the matter. The context, we think, signifies simply that proceedings under the inspector's decision shall be suspended until the board shall *determine* the matter. The board has determined this matter, and, having acted within their discretionary duties, mandamus does not lie.

It has been held that, when discretion has been exercised in an arbitrary or capricious manner, mandamus will lie to compel a proper exercise thereof. Appellant, in his petition for the writ of mandate, avers the conclusion that respondents have acted capriciously and arbitrarily, and that, in denying the application for a permit, they "acted under personal prejudice and caprice, as is clearly shown by the aforementioned ordinances of the city of Seattle," etc., further referring, also, to exhibits attached to the petition, including the findings of the board, as facts to sustain the conclusion so averred. We do not think any facts are made to appear by the petition which show that respondents acted in such a manner. Mandamus therefore will not lie upon that ground.

We need not discuss the question of appellant's further remedy, if he has any. It would be ineffective, if we should undertake to pass upon that subject here, since it is not involved in this case. The city ordinances do not appear to provide for any appeal from the decision of the board of public works. But whether, under § 5741, Bal. Code, resort may be had to the writ of review for the purpose of reviewing discretionary or quasi judicial acts of said board, we in no sense now intimate or decide. The only question that can be effectively decided here is, whether the remedy by mandamus is the proper one in the premises, and, for the reasons heretofore stated, we think it is not.

It is assigned as error that the court sustained the motion to quash the alternative writ of mandate, and entered judgment of dismissal. It is stated in the brief that the motion to quash performs the office of a general demurrer, and that the demurrer admits the truth of all allegations in the pleading to which it is directed. We have, in our foregoing discussion, treated the motion as

effecting the same purpose as a general demurrer. With that view, it admits the facts alleged, but not the conclusions drawn therefrom. We think the facts stated are insufficient to warrant the writ of mandamus. The record shows that, after the motion to quash the writ was sustained, the appellant elected to stand upon his amended petition, and declined to plead further. The court then entered judgment of dismissal. Such judgment followed in logical order.

We find no error, and the judgment is affirmed.

FULLERTON, C. J., and ANDERS, MOUNT, and DUNBAR, JJ., concur.