[No. 3443.    July 22, 1930.]

TOWN OF FARMINGTON v. MUMMA.

[291 Pac. 290.]

Frank A. Burdick, of Farmington, for appellant.

Pershing, Nye, Tallmadge & Bosworth, of Denver, Colo., and George F. Bruington, of Aztec, for appellee.

## OPINION OF THE COURT

SIMMS, J.

The one question presented by this appeal is whether the trial court correctly sustained the demurrer of the defendant. The plaintiff stood upon its complaint and suffered a judgment of dismissal.

In its complaint, the plaintiff town alleged, in substance, the following state of facts: In the year 1911, a bond issue of $50,000 was voted for waterworks. The system cost $10,000 in excess of the bond issue, and for this excess the town executed notes or warrants unlawfully. In the year 1916, the town authorities conceived the plan of getting a representative of all the holders of these unlawful notes and warrants to bring suit and put them in judgment against the town, so that a refunding bond issue could be predicated upon such judgment. To this end, the town directed its attorney to prepare the papers for a suit by Mr. Mumma, who was chosen as trustee for the holders of the various claims. Suit was brought by Mumma, ostensibly pro se, and the town's attorney represented the town in the hearing. A referee was appointed who took testimony and reported that these claims were valid and not in excess of any limitation imposed by law, and the court confirmed the report. The judgment entered on May 26, 1916, recites that all of the claims of Mumma were legal and valid obligations of the town, and that none of them were beyond any debt limitations provided by law. That this judgment was wrong and was based upon a misconception of the true intent, meaning, and effect of the Bateman Act (Comp. St. 1929, §§ 33—4241 to 33—4247), although all parties to the proceedings were acting in good faith and without any actual desire

to defraud the town. That in 1923 the holder of this judgment, Mr. Mumma, brought suit to revive his judgment, and in this action the town filed its answer, admitting the payment of certain interest on the 1916 judgment but setting up and calling to the court's attention the fact that the 1916 judgment was erroneous and wrong as a matter of law, and that the items of which it was made up were unlawful and in violation of the Bateman Act, and asking for the appointment of a referee to take the testimony and make report thereon. To this answer the plaintiff demurred and was sustained. The town refused to plead further, and suffered judgment of revivor. In the year 1928, the town brought the present action against Mumma, who still owns the judgment, and now again prays for an order of reference to hear and determine the validity under the Bateman Act of the various items on which the judgment of 1916 was founded. The demurrer of the defendant being sustained, this appeal followed.

Our first inquiry must be as to what the demurrer admitted. We have held that *facts,* well pleaded, and only such, are admitted by demurrer, and that conclusions of law alleged to follow therefrom are not to be considered as material allegations or binding in any way upon the demurrant. First National Bank v. Lewinson, 12 N. M. 155, 76 P. 288; Lockhart v. Leeds, 12 N. M. 156, 76 P. 312; State v. Johnson, 26 N. M. 20, 188 P. 1109; Abreu v. State Tax Commission, 29 N. M. 554, 224 P. 479.

We have also held that, where an exhibit (in this case, the judgment of 1916 with all its findings and recitals) is made a part of a complaint, any allegation of the complaint which conflicts with the exhibit must yield thereto and be disregarded in so far as the conflict extends. Titsworth v. Analla, 25 N. M. 631, 186 P. 1079.

It becomes therefore manifest that, in so far as the complaint recited that the warrants and notes were "unlawful" or "in violation of the Bateman Act" or invalid for any reason, such recitals, being conclusions, were not well pleaded, and that the judgment of 1916 as an exhibit destroyed their effect.

The case then narrows down to the sole question of whether a municipal corporation is bound by a judgment against it, rendered in an action of which the court had jurisdiction both as to subject-matter and parties, and from which judgment it did not appeal. Appellant town claims that, because the judgment was rendered, as it alleges, upon an erroneous theory of law, it was void and did not bind anybody or conclude anything. But such is not the rule. Whatever the judgment of the court was, it was and is the law of the case, and, unless and until reversed by proper appellate proceedings (and in the absence of fraud), it is the correct law of the case. The principle of res judicata is just as applicable to a municipality as to an individual litigant. 15 R. C. L. § 504, p. 1029; 34 Corpus Juris, p. 1028, § 1459.

It follows that the judgment of the lower court was correct and should be affirmed, and the cause should be remanded and it is so ordered.

BICKLEY, C. J., and WATSON, J., concur.

PARKER and CATRON, JJ., did not participate.