118 P.2d 278

**WOODARD v. KILBURN.**

No. 4633.

Supreme Court of New Mexico.

Sept. 30, 1941.

Bate Bond, of Clayton, for appellant.

Adolf J. Krehbiel, of Clayton, for appellee.

BICKLEY, Justice.

Plaintiff-appellee sued defendant-appellant to recover $150, and had judgment.

Plaintiff-appellee alleged that defendant-appellant is a sole trader doing business under the trade name of Kilburn Burial Association; that plaintiff's decedent, Frank Woodard, made application to defendant for membership in said association, as a result of which application and the payment of the required membership fee, a certificate of membership in the association was issued to said Frank Woodard, which certificate of membership, together with the by-laws and regulations of

the association, are attached to the complaint, as a part thereof. From the facts thus alleged plaintiff avers a legal conclusion that an express contract arose between defendant and plaintiff's decedent.

Frank Woodard died and defendant refused to perform as contracted. Plaintiff prays judgment against defendant.

Defendant demurred that the complaint fails to state a cause of action against defendant: "for the reason that in Paragraph II of said Complaint, plaintiff alleges that the defendant is a Sole Trader doing business under the style and trade name of Kilburn Burial Association. That the plaintiff in Paragraphs III and IV of the Complaint alleges that the deceased was a member of the Kilburn Burial Association and that allegations of Paragraphs III and IV and the certificate of membership on which said suit is based, a copy of which is attached to the Complaint together with the by laws and regulations of Kilburn Burial Association, all conclusively show that the Kilburn Burial Association issued said certificate of membership and not F. P. Kilburn as Sole Trader. That, therefore, the allegation that said defendant is a Sole Trader doing business under the style and trade name of Kilburn Burial Association, and the facts contained in Paragraphs III and IV of the Complaint and in the certificate of membership and by laws attached to the Complaint are repugnant and contradictory and cannot stand together."

The court erroneously overruled the demurrer.

Where allegations of complaint are at variance with an exhibit pleaded, the exhibit controls. Town of Farmington v. Mumma, 35 N.M. 114, 291 P. 290. See, also, Titsworth Co. v. Analla, 25 N.M. 628, 186 P. 1079; Farmers' Cotton Finance Corp. v. Green, 35 N.M. 84, 290 P. 739.

A demurrer admits all facts well pleaded, but only such facts as are well pleaded. It does not admit that the construction placed by the pleader upon a written instrument attached to the complaint is the true one. Dame v. Cochiti Reduction & Improvement Co., 13 N.M. 10, 79 P. 296; First Nat. Bank v. Lewinson, 12 N.M. 147, 76 P. 288.

Thus we are required to discover the facts, if any, establishing a contract between the defendant and the decedent, Frank Woodard, personally, solely from the exhibits referred to. A summary shows the outstanding facts to be drawn from the exhibits. The certificate issued to the appellee's decedent is headed "Kilburn Burial Association of Texline, Texas" and recites that he has paid the required membership fees and is designated and elected to take the benefits of "class A" and has promised to be loyal to "said Association" and governed by the by-laws is entitled to the "Certificate of Membership" in the Kilburn Burial Association of Clayton, New Mexico, "and to all the benefits of the Association as set forth in the by-laws so long

as he shall remain a member thereof" and the last paragraph of said certificate recites "In Witness Whereof, the signature of the Secretary-Treasurer is hereunto affixed at Clayton, New Mexico, this 15 day of May, 1935," and the certificate is signed "F. P. Kilburn, Secretary-Treasurer." The by-laws provide that the Association shall be known and designated as "Kilburn Burial Association of Clayton, New Mexico." That the officers of the Association shall consist of a Secretary-Treasurer who shall make all assessments and receive and pay out all monies belonging to the association according to the by-laws, that he shall keep a record of the affairs of the association which shall be open to inspection by any member of the Association and that he shall make a bond for the faithful performance of his duties. The by-laws further recite that the membership of the Association shall consist of certain classes named therein and specify the benefits which shall accrue to each class, how such benefits shall be paid, and the extent of the liability of the association. They further provide for the expense of maintaining the office of the Secretary-Treasurer and the place of deposit of the money belonging to the association and specifically how such money shall be spent.

All of this is directly repugnant to the allegation of the complaint by way of conclusion of law that F. P. Kilburn is an individual doing business under the style and trade name of the Kilburn Burial Association and consequently the demurrer cannot admit as true two contradictory allegations of the complaint and if the said allegation cannot stand with the other allegations of the complaint and the statements contained in the by-laws the remedy of appellee is against some defendant other than F. P. Kilburn, in his individual capacity.

For a description of similar associations, see 19 R.C.L. 1179.

The judgment is reversed and the cause remanded with directions that the demurrer be sustained with leave to plaintiff to amend as she may be advised, and for further proceedings not inconsistent with the views herein announced.

BRICE, C. J., and ZINN, J., concur.

SADLER, Justice (dissenting).

I disagree with the decision of the majority in this case. Paragraph 2 of the complaint alleges: "That defendant, whose place of residence and post office address is Clayton, Union County, New Mexico, is a sole trader doing business under the style and trade name of Kilburn Burial Association."

This is an allegation of an ultimate fact and tendered the issue whether F. P. Kilburn, the defendant, was operating as a sole trader "doing business under the style and trade name of Kilburn Burial Association". While it is true, as the prevailing opinion suggests, that the recitations and provisions of the certificate of membership and of the by-laws and regulations, at-

tached as exhibits, reflect association status rather than that of an individual trader, nevertheless, I do not think they suggest the decisive fact so strongly, as in the case of the exhibits involved in the New Mexico decisions cited by the majority, that we are compelled to deny plaintiff the right to tender proof of the ultimate fact pleaded that defendant is a sole trader doing business under the trade name alleged, viz., Kilburn Burial Association.

The majority view tries the plaintiff's case prematurely. The effect of the quoted allegation is to say that notwithstanding the pretense of association status furnished by the camouflaged by-laws, she (the plaintiff), if permitted to do so, will prove the whole enterprise to be an alter ego of the defendant himself. The majority opinion denies her this right and declares as a matter of law, without hearing her proof or permitting the trial court to do so, that pretense is reality for the purpose of ruling on the demurrer.

Now, as to just how the plaintiff would furnish this proof, the court is not properly concerned at this time. The only pertinent inquiry this court should now address to itself is whether under any conceivable state of facts the plaintiff could demonstrate that F. P. Kilburn and Kilburn Burial Association are one and the same. Whether this might be shown through admissions of the defendant himself, by proof that he organized the so-called association and exercises complete dominion and control over it and its funds, or by evidence of a practical construction of the contracts between the defendant and the so-called members, thereby establishing them as several between the defendant and each so-called member, rather than mutual contracts between the members themselves, we cannot know. Nor, as already stated, is it our proper concern at this time to inquire. Cf. Goodsell v. Western Union Tel. Co., 58 N.Y.Super.Ct. 26, 9 N.Y.S. 425, affirmed, 130 N.Y. 430, 29 N.E. 969. It is both relevant and competent for a plaintiff, having alleged the use of a fictitious name by a defendant, to introduce evidence in proof of the fact alleged. Goodsell v. Western Union Tel. Co., supra; Ingram v. Watson, 211 Ala. 410, 100 So. 557; Bartlett v. Tucker, 104 Mass. 336, 6 Am. Rep. 240; Bishop Press Co. v. Lowe, 201 Mo.App. 68, 209 S.W. 962.

If permitted to proceed with her proof the plaintiff might aid it by calling attention to the significant fact that this is an association without an executive head or administrative board. The only officer of the so-called association mentioned is that of "Secretary-Treasurer" and the secretary-treasurer is the defendant. There is no president. There is no board. Whether the defendant named himself to the office of secretary-treasurer or was duly elected at a meeting of the association, or whether in truth there ever was a meeting of the so-called association at which the purported by-laws were adopted, all would be matters of proof tending to establish the issue of sole trader pleaded, if only plain-

tiff were allowed to offer proof. She might even be able to show that the by-laws were prepared by defendant and handed out to the so-called members ready-made.

But why go on? Enough has been said, it seems to me, to demonstrate abundantly that the trial court correctly held the plaintiff was entitled to prove what she had alleged. The demurrer was properly overruled and defendant having stood on the ruling, the judgment should be affirmed.

I dissent.

MABRY, J., concurs.