[No. 3,584.]

## PRUDENT BEAUDRY v. NOAH FELCH, AND MARIA ANTONIA G. DE DOMINQUEZ DE FELCH, HIS WIFE, DEFENDANTS, AND A. BRUNSON, INTERVENOR.

PROCEEDS OF SALE OF WIFE'S SEPARATE PROPERTY.—If the wife's separate property is sold, the proceeds of the sale are also her separate property, and the husband can claim no part of these proceeds as a consideration for joining with his wife in the conveyance.

SALE OF WIFE'S SEPARATE PROPERTY.—The husband cannot make a secret agreement with the purchaser of his wife's separate property, that such purchaser shall buy the property of the wife for less than its value and give him the difference between the value and the price agreed upon with her. Such agreement would be in fraud of the rights of the wife.

IDEM.—If the wife makes a verbal agreement to sell her separate property for a certain sum, and the purchaser then, without her knowledge, agrees to give the husband $2,000 to sign the deed, and gives him his note therefor, and obtains his signature, and the wife, upon learning this, refuses to sell unless the $2,000 is paid to her, and it is paid to her and she executes the deed, the wife has nothing to complain of, and neither the $2,000 note nor the money thereby promised are hers.

ENJOINING COLLECTION OF JUDGMENT.—If suit is brought on a promissory note and no valid defense is interposed, and judgment passes in favor of the plaintiff, the defendant cannot afterwards obtain an injunction re-

straining the collection of the judgment for reasons which were known and might and should have been interposed as a defense in the suit on the note.

APPEAL from the District Court, Seventeenth Judicial District, County of Los Angeles.

The plaintiff Beaudry on the eighteenth day of April, 1868, went to the husband, Noah Felch, with a deed of the premises and executed to him the $2,000 note, and at the same time procured his signature to the deed. On the fifth day of May, 1868, the wife executed the deed, and the $8,000 was paid to her. The plaintiff appealed.

The other facts are stated in the opinion.

*Glassell, Chapman & Smith,* for Appellant.

*Ganahl & McDaniel,* and *O'Melveney & Hazard,* for Respondents.

By the Court, BELCHER, J:

This action was commenced to enjoin the collection of a judgment recovered by the defendant, Noah Felch, against the plaintiff. Upon an order to show cause, a temporary injunction was granted from the Court, and this order, on appeal to this Court, was affirmed at the April term, 1872. The case was tried by the Court, and judgment rendered for the defendant. The facts, so far as they are material, are substantially as follows: Beaudry and Downey being desirous to purchase certain separate real property owned by Mrs. Felch, agreed with her to pay her for the property $6,000, and at the same time, without her knowledge, agreed to pay her husband the further sum of $2,000, who otherwise refused to execute the deed. Beaudry thereupon, and for no other consideration, executed and delivered to the husband the promissory note for $2,000, on which the judgment sought to be enjoined was rendered, payable thirty days after date, on condition that Felch and his wife should duly execute, sign, seal and deliver to the purchasers a good and valid deed of the premises. A few days

thereafter Beaudry went to Mrs. Felch to pay her the $6,000 and obtain her execution of the deed, when, having learned in the meantime that $2,000 was to be paid to her husband, she said the property was hers, and if more money was to be paid she wanted it; and thereupon he paid her $8,000, and she and her husband executed the deed.

Shortly afterwards Mrs. Felch commenced an action for a divorce from her husband, to which she made Beaudry a party, and in her complaint set out that the note for $2,000 was given for a part of the purchase money of her real estate and was in fact her separate property; and she prayed that Beaudry be enjoined from paying it to any one except on the order of the Court. A temporary injunction was obtained and while it remained in force Beaudry paid to the attorney of Mrs. Felch the sum of $1,700, which he agreed to receive, and receipted for, as in full of the note. Afterwards, upon trial of the case, a divorce was denied and judgment was rendered in favor of the defendant.

While the divorce case was pending, Felch commenced the action to recover the amount of the promissory note from Beaudry, in which he obtained the judgment now complained of. This judgment was rendered upon the pleadings, and upon appeal to this Court was affirmed. (*Felch* v. *Beaudry*, 40 Cal. 439.)

Upon the facts the Court below was of the opinion that Mrs. Felch had no interest in the promissory note or in the money thereby stipulated to be paid, and that the plaintiff could not avail himself of the payment of the $1,700 to her attorney. Whether the Court was right or not in this conclusion is the principal question presented for our consideration. Undoubtedly, when the separate property of the wife is sold, the proceeds of the sale are also her separate property. The husband can claim no part of these proceeds as a consideration for joining with his wife in the conveyance. Still less can he make a secret agreement with the purchasers that they shall buy the property of his wife for less than its value, and give him the difference between the value and the price agreed upon with her. Such a proceeding would be in fraud of the rights of the

wife; and probably she might at her election, upon returning the amount received by her, have the sale set aside, or claim and recover from the purchasers the balance of the sum to be paid by them.

In this case, the whole amount to be paid for the land was $8,000, but Mrs. Felch knew only that $6,000 was to be paid. The other $2,000 was to be paid to the husband under the pretext that he might claim a part of the price for consenting to the sale. The promissory note for the $2,000 was then executed and delivered in advance of any payment to the wife, and in advance of the execution of the deed. When Mrs. Felch learned of the $2,000 she declined to sell unless she received the full purchase price. The purchasers evidently understood that she had a right to do this, for they at once paid her the $8,000 and took the deed. This, so far as appears, fully and fairly closed the transaction with her. It left her nothing to complain of, for she had received the full value of her land. Clearly after that the note was not hers, nor the money thereby promised to be paid.

When the note was put in suit no valid defense was interposed, and judgment passed in favor of the plaintiff. If there was a good defense to it—and there probably was—it should have been made at that time. It was too late in this action to bring forward a defense which might have been made then.

Certain exceptions were taken to the admission and exclusion of evidence, but if we are right in the views already expressed the appellant was in no way injured by the rulings.

It is claimed by counsel for appellant that the decision of this Court upon the order granting the temporary injunction has become the law of the case and must now control the decision upon this appeal. That decision determined nothing as to the merits of the case. It held only that the complaint, assuming its allegations to be true in point of fact, was sufficient to support the injunction, and that, even if all the allegations were denied by the answer, the question of granting or refusing the injunction

was one calling for the exercise of the sound discretion of the Court below, which, under the authority of *Godey* v. *Godey,* 39 Cal. 157, would not be disturbed here.

Judgment affirmed.