[Civ. No. 612. Second Appellate District.—March 30, 1909.]

## ALICE BERGER and GEORGE L. BERGER, Appellants, v. HATTIE M. THOMPSON HORLOCK, Respondent.

FORECLOSURE OF CHATTEL MORTGAGE—ACTION TO DECLARE DEFICIENCY JUDGMENT SATISFIED—ALLEGED MISREPRESENTATIONS AND AGREEMENT—SUPPORT OF FINDINGS.—When the plaintiffs were parties defendant to a suit to foreclose a chattel mortgage, in which a deficiency judgment was entered against them, and brought this action to vacate and declare the same satisfied as having been entered through misrepresentations and in violation of an agreement made by the chattel mortgagee, where the evidence was conflicting, and the court found upon sufficient evidence against the existence of

such misrepresentations or agreement, its findings cannot be disturbed upon appeal.

ID.—INSUFFICIENT COMPLAINT TO VACATE JUDGMENT FOR FRAUD—FACTS SHOWING DEFENSE TO MERITS NOT PLEADED.—It is not sufficient in a complaint to vacate and set aside such judgment for fraud in its procurement merely to allege generally that the plaintiffs had a defense that they had been released from the debt, but it is essential that the complaint should set forth all the facts constituting the fraud as well as the defense, and show that the complaining parties have the ability to produce evidence upon any new trial to establish a meritorious defense  specially pleaded as to all the facts constituting it.

ID.—POWER OF APPELLATE COURT.—The appellate court has no power to substitute its findings for those of the trial court; and counsel should cease to ask it to do so, in any case where the evidence is conflicting and there is any evidence tending to support the findings of the trial court.

APPEAL from a judgment of the Superior Court of Los Angeles County, and from an order denying a new trial. Charles Monroe, Judge.

The facts are stated in the opinion of the court.

C. W. Pendleton, for Appellants.

W. R. Hervey, and W. W. Butler, for Respondent.

ALLEN, P. J.—Appeal by plaintiffs from a judgment and an order denying a new trial.

It is averred in the complaint that one Alexander, in 1902, executed to Horlock a note for $2,600, secured by chattel mortgage on certain household goods contained in the Hotel Catalina, in the city of Los Angeles; that thereafter, in 1903, plaintiffs purchased said property so described in the chattel mortgage and, in writing, assumed and agreed to pay the note executed by Alexander, and, in addition, made another note for $400, also secured by chattel mortgage on said property. That said notes remaining unpaid in 1906, defendant Horlock brought an action to foreclose said mortgages, to which action plaintiffs were parties defendant, and summons duly served. That after service of process, the attorney for Horlock notified plaintiffs herein that they were made par-

10 Cal. App.—23

ties defendant in the foreclosure as a matter of form, and that it was not the purpose of plaintiff to pursue them or look to them for any portion of the claim; that they could realize sufficient out of the sale of the property to satisfy the claim, and plaintiffs herein need give themselves no uneasiness about the suit. That when said representations were made the hotel was held by plaintiffs herein under a lease, and the attorney for Horlock represented that if they would transfer the lease that from the use and occupation of the premises and the proceeds of the sale of the furniture sufficient could be realized to reimburse the plaintiffs in the foreclosure to the extent of the claim, and plaintiffs herein need not answer in the foreclosure suit; that acting upon these representations they did assign and transfer the lease to Horlock; that when said representations were made the household furniture was worth $4,000 and the unexpired term of the lease was worth $1,200. That the plaintiffs herein had a meritorious defense to said foreclosure action, but did not interpose the same because of said representations, which said defense was that they had been released from the obligation sued on by the defendant herein; that they did not file any answer, and judgment went by default for $3,200, a decree of foreclosure was duly entered and the property covered by the chattel mortgages was sold for $1,450. It is further averred that prior to the sale defendant Horlock informed plaintiffs herein that there was no necessity for their bidding on said property, but that she would bid it in and would credit them with whatever amounts she would afterward receive from its sale; that plaintiffs herein had the money with which to bid in the property, and refrained from such bidding upon the faith of such representation; that defendant Horlock, after bidding in said property, sold the same for $3,750; that they relied implicitly upon the statements and representations as to the agreements hereinbefore made and refrained from answering to said action or from bidding upon said property at the time of the sale; that after the payment of costs and expenses a deficiency judgment of $1,776 was entered against these plaintiffs, of which they had no notice until March 23, 1907. The prayer of the complaint is that the court decree the deficiency judgment satisfied, and such other relief as was proper in the premises.

The answer denied each and all of the allegations of the complaint with reference to the representations claimed to have been made after the action in foreclosure was brought, and defendant denies that she received from the resale of the chattel mortgaged property any sum in excess of $2,950.

The court found in favor of defendant as to all of the matters averred with reference to the representations made after the foreclosure proceeding was instituted, and especially that no representations were made at the time of the sale through which plaintiffs were induced to refrain from bidding upon the faith of any agreement to credit plaintiffs with the full amount received upon a resale of the furniture. The court further finds that the lease assigned and transferred to defendant had theretofore been transferred as additional security for a promissory note due the defendant Horlock upon which a balance of $15 remained unpaid, but that when said lease was so assigned and transferred there was no agreement or representation as set forth in the complaint. That the unexpired term of the lease was worth $2,700. And further, that defendant only received on account of a resale of the property the sum of $2,950, and that defendant herein and her attorneys did in all respects act in entire good faith toward the plaintiffs herein.

The only specifications of error relate to the insufficiency of the evidence to support the various findings of the court. An examination of the record discloses that the court was warranted in each and every finding made by it, and that the evidence is ample in their support. In so far as the evidence relates to an agreement to credit plaintiffs herein with the amount received from a resale of the mortgaged property, one of the plaintiffs in this action testified that Mrs. Horlock "agreed to take the property and run it and get her money out of it and sell it again, if I (plaintiff herein) would help her run it, but I could not help her owing to sickness"; while the defendant in the case testified that she did not want to buy the property, but she had agreed with Mrs. Berger that if she would run the house and charge nothing for her services, whatever was made out of the house, whether covered by the deficiency mortgage or not, she should have credit for, but that she failed to carry out her agreement on account of sickness, and that the agreement was made upon

the condition that she should run the house and let Mrs. Horlock stay out; that she never made any agreement to credit plaintiffs with any notes or money received from a resale of the property.

It is scarcely necessary to notice the other specifications of error in regard to the insufficiency of the evidence to support the findings in relation to the representations made after foreclosure and before the sale, for were we to treat the complaint as one to vacate and set aside the judgment on the ground of fraud, there are no allegations in the complaint, nor anything in fact, in the record indicating that plaintiffs in this action had any defense to the original action upon the merits. It is not sufficient in an action to vacate and set aside a judgment upon the ground of fraud simply to allege that the parties had a defense thereto or that they had been released from the debt, but it is essential that they should set up the facts constituting the fraud, accompanied by an allegation that the complaining party has the ability to produce evidence upon any new trial to establish a meritorious defense. As said in *Bailey* v. *Aetna Indemnity Co.*, 5 Cal. App. 747, [91 Pac. 419], in an action to vacate a judgment it must be shown, "not only the facts constituting the fraud which prevented a fair judgment from being rendered in the former action, but it must also show that there was a good defense to the original action upon the merits, and that the defendant will be able to present this defense upon a new trial. These matters must be alleged, not in the form of conclusions, or ultimate facts, but in the same manner as the facts constituting the fraud; that is, the particular facts which were not presented upon the trial of the original action, by reason of the fraud complained of, must be set out, and accompanied by an allegation that the complaining party has the ability to produce evidence upon any new trial that may be granted to establish such facts as alleged." The complaint was, therefore, insufficient as the basis for a decree vacating the judgment, and had the findings in relation to the representations which induced plaintiffs to refrain from answering been otherwise than as found by the court, upon such findings alone the court would not have been warranted in vacating the judgment; and, in view of the uncontradicted testimony, could make no finding warranting the application

of the excess received from a resale to the satisfaction of the deficiency, were such excess even shown to have been sufficient therefor.

All of the specifications of error, when considered in connection with the statement on motion for a new trial, indicate a desire to have this court substitute its findings for those of the trial court. The supreme court, and this court in conformity therewith, has so repeatedly said that where the evidence is conflicting and there is any evidence tending to support the finding of the trial court the same will be sustained, that a time should arise when the bar will recognize the force and extent of this rule and cease to burden appellate courts with appeals involving only the right of the trial court to give such weight and effect to the evidence as, in its judgment, is proper under the circumstances of the case.

We see no prejudicial error in the record, and the judgment and order are affirmed.

Shaw, J., and Taggart, J., concurred.