[Civ. No. 6039. Second Appellate District, Division Two.—February 1, 1929.]

RUSSELL C. JULIEN, etc., Appellant, v. MARIE WEST, etc., et al., Respondents.

Laird L. Neal and Burke, Catlin & Burke for Appellant.

Thomas S. Bunn for Respondents.

STEPHENS, J., *pro tem.*—Plaintiff and appellant herein was a defendant in the municipal court of the city of Los Angeles, the cause being entitled *Amelia Appleby* v. *Russell Julien,* for damages. Judgment was entered against him. Thereafter he brought suit in the superior court asking that the equity powers of that tribunal be used to vacate and set aside such judgment on the ground that it had been fraudulently obtained. The superior court sustained a general demurrer to the complaint without leave to amend. Thereafter a judgment of dismissal, with prejudice as to said referred to action, was duly ordered and entered. This appeal is from such judgment. The title of the cause has been changed for the reason that the defendant has died, and the administrator of her estate is substituted as the party defendant.

The determination of the appeal needs no extended statement of fact or lengthy opinion. Appellant in his complaint alleges that in divers and various ways his own attorneys in such trial purposely and for their own advantage so conducted the case as to lose it, and that by reason of such corrupt practices there was no "adversary trial," and that thereafter they advised him in such manner as to deprive him of his right of motion for new trial and appeal. There is no allegation connecting the plaintiff in the municipal court or his attorneys with his corrupt conduct. Appellant (plaintiff in the superior court) also alleges in the complaint that a writing, a principal item of evidence, and introduced by the plaintiff at the municipal court trial, was a forgery, and that appellant did not ascertain that fact until after the trial. Here again is presented the old subject

of extrinsic fraud. Upon the reasoning and authority of *Pico* v. *Cohn,* 91 Cal. 129 [25 Am. St. Rep. 159, 13 L. R. A. 336, 27 Pac. 537], and *United States* v. *Throckmorton,* 98 U. S. 61 [25 L. Ed. 93], the two beacon lights on this subject, we find no extrinsic fraud alleged in the complaint. Therefore, there was no cause of action stated, and as the allegations are full and purport to relate the whole of and all of plaintiff's cause of complaint, the ruling of the trial court and the judgment entered thereupon were proper.

Judgment affirmed.

Works, P. J., and Craig, J., concurred.