[Civ. No. 4228. Third Appellate District.—January 12, 1931.]

CARL O. WHEAT, Appellant, v. D. A. McNEILL, Respondent.

Burr A. Brown for Appellant.

Willis I. Morrison for Respondent.

MR. JUSTICE PLUMMER DELIVERED THE OPINION OF THE COURT.—Plaintiff prosecutes this appeal from a judgment entered after order sustaining without leave to amend a general and special demurrer to the plaintiff's second amended complaint. The action was brought to have set aside and vacated a judgment theretofore recov-

cred by the respondent against the plaintiff in the Superior Court of the State of California, in and for the County of Los Angeles, wherein the respondent D. A. McNeill was plaintiff and the appellant Carl O. Wheat was defendant.

The record before us shows the following:

That on August 14, 1925, respondent was injured by an automobile operated by the appellant; that on August 12, 1926, the respondent began an action to recover damages against the appellant herein for the personal injuries above referred to. On August 17, 1926, the appellant was personally served with summons in said action, by a person duly qualified to make service thereof, the service being made in the county of Orange. On August 19, 1926, the summons was filed, together with a return of service alleging service to have been made in the county of Los Angeles instead of in the county of Orange. On September 20, 1926, no appearance having been made by the appellant in said action, and more than thirty days after the service above mentioned, the default of appellant in the action referred to was duly entered. Thereafter, on April 5, 1927, after hearing by the court, judgment was entered in said action for personal damages in favor of the respondent and against the appellant, in the sum of $3,000 damages and $12 costs. On November 8, 1927, the appellant was served with an order to appear for examination on supplementary proceedings. On November 25, 1927, the appellant filed a notice of motion in said action, prosecuted by the respondent to obtain damages for personal injuries, as above stated, to vacate said judgment on the grounds that said judgment was taken through mistake, inadvertence, surprise or excusable neglect of appellant, and that said judgment was procured by extrinsic fraud on the part of the respondent.

The points made by the appellant in the case now before us are to the effect that the affidavit of service and the recitation contained in the judgment that personal service of summons and complaint was made in the county of Los Angeles, state of California, when in truth and in fact such personal service was made in the county of Orange, state of California; that the default judgment was obtained through appellant's mistake, inadvertence, surprise or neglect; and that the default judgment against the appellant was procured by extrinsic fraud The allegations of the

complaint relative to the service of summons, mistake, fraud, etc., are shown by the following excerpts therefrom: "That the plaintiff is further informed and believes and upon such information and belief alleges that said Robert C. Fonda was not at the times hereinafter mentioned, an officer of the law, authorized to make the service of a summons in an action in the manner as prescribed by statute, and that said Robert C. Fonda, as an individual, and as the authorized agent and under the direction of the said D. A. McNeill and the said California Casualty Indemnity Exchange, made the service of the summons and complaint in the action aforesaid, entitled D. A. McNeill, Plaintiff, *v.* Carl O. Wheat, Defendant, and made a return thereon that he served said Carl O. Wheat, as defendant in said action, in the County of Los Angeles, State of California, on the 17th day of August, 1926, when in truth and in fact said defendant, the plaintiff herein, was served, if regularly served at all, with process in said action, at his residence in the County of Orange, State of California; that judgment by the Court in said action rendered on the 5th day of April, 1927, also recites that said defendant, the plaintiff herein, Carl O. Wheat, was regularly served with process within said County of Los Angeles, and that such return of service and such judgment by the Court, for the reasons aforesaid, were not regularly made and as in such cases by law provided. That the plaintiff is further informed and believes, and therefore alleges that the default of the defendant, the plaintiff herein, Carl O. Wheat, in said case No. 202988, in said Superior Court of the County of Los Angeles, was entered and ordered filed on September 20th, 1926; that judgment was rendered upon the hearing of such default in department ·3 of said Court on April 5th, 1927, wherein said D. A. McNeill was given judgment for $3000.00 against the plaintiff herein, with his costs and disbursements, taxed at the sum of $12.00; that such judgment so rendered by the court was filed on April 5th, 1927, and docketed on April 7th, 1927, in Book 640 at page 207 of Judgments; and that said default and such judgment were taken against this plaintiff through mistake, inadvertence, surprise or excusable neglect, and that said default judgment was further procured by extrinsic fraud, as is more fully hereinafter set forth. That on or about the 14th day of

August, 1925, the said Robert C. Fonda called upon this plaintiff Carl O. Wheat, and represented that he was the agent, investigator and adjuster of said California Casualty Indemnity Exchange, and that his said Company was paying to the said D. A. McNeill certain insurance by way of compensation and medical expense as a result of said alleged accident; that he was authorized by said Insurance Company, and under the terms of its policy, by the said D. A. McNeill, to effect a settlement and adjustment of said purported claim for damages; that his Company had not expended to exceed $750.00 by way of compensation and medical expense, as a result of said accident; that he was authorized, under the terms of said policy of insurance, to compromise the claim of said D. A. McNeill for that amount; that further, if the said Carl O. Wheat would furnish said Fonda the dates when the plaintiff's existing insurance would expire, and would place such insurance with his, Fonda's Company, the whole matter could be settled and would be adjusted to the satisfaction of his said Company and the said D. A. McNeill; that the said plaintiff, Carl O. Wheat, so agreed to place his insurance with said Company, in full settlement of such alleged and purported claim for damages and as consideration for a full release from said D. A. McNeill for any and all claims for damages; that said plaintiff, Carl O. Wheat, as he had agreed to do, furnished the expiration dates of the insurance which he was carrying and relied upon the representations of said Fonda, and is now, and at all times herein mentioned, has been ready to place his said insurance with said Company, in accordance with the terms of the aforesaid agreement of settlement and compromise."

The complaint likewise further alleges that on the twenty-fifth day of November, 1927, the appellant in this action duly served and filed a notice of motion in the Superior Court of the County of Los Angeles, in the personal injury action to which we have referred, to set aside such judgment upon the ground that said judgment had been taken against the appellant herein through mistake, inadvertence, surprise or excusable neglect, and upon the further ground that said judgment was procured by extrinsic fraud, and without setting forth in the complaint what action, if any, was taken by the trial court upon the motion just referred to. The

complaint in this action further alleges that the plaintiff has exhausted his rights at law to have such judgment set aside on motion, and has no sufficient and adequate remedy at law, in that the time for appeal from said judgment has passed. This, of course, does not set forth the fact that any hearing has been had upon said motion, and that if said motion had been denied by the trial court, the time for appealing from the order denying such motion had expired prior to the filing of this complaint.

As to the mistake, inadvertence, etc., alleged in the complaint, and the fraud in relation thereto, the following excerpt from the complaint may be recited as a complete answer to any grounds for relief: The complaint uses the following language: "That the plaintiff was at such time (referring to the service of summons), of the opinion and belief that such summons and complaint, in order to be legal, had to be served upon him by a sheriff or an officer of the law; that at such time the plaintiff was not of the opinion and belief that he had been actually and legally served with a copy of the summons and complaint in said action, or in said action at all; that because of the aforesaid facts the plaintiff, through mistake, inadvertence, surprise or excusable neglect, failed to employ the services of an attorney, and refrained from making any legal defense to such action, and suffered a default to be taken therein and judgment rendered against him." This, of course, constitutes no excuse whatever. By his own pleading the appellant in this case shows that the service of summons in the personal injury action, that is, the action where judgment was taken by default against the appellant, was had in entire accordance with the provisions of sections 410 and 411 of the Code of Civil Procedure.

While the complaint in this action shows that the appellant on the twenty-fifth day of November, 1927, served and filed a notice of motion in the personal injury action referred to, setting aside the judgment therein on the grounds that it was allowed to be entered through mistake, inadvertence, surprise or excusable neglect, and upon the further ground that said judgment was procured by extrinsic fraud, the complaint likewise shows that it was not made within six months of the entry of the judgment, and therefore, as to the grounds of mistake, inadvertence, surprise

or excusable neglect, the time has gone by for raising such questions, and only the question of fraud can be considered herein. So far as the service of summons is concerned, and the entry of the default, while it does appear that the person making the return of the service of summons was mistaken as to the county in which the service was made, the fact exists that no default was entered against the defendant in said action, the appellant in this action, until more than thirty days had elapsed after the service of summons, and therefore the default was not prematurely entered, and the affidavit of service, though admitted to be erroneous as to the place of service, nevertheless showed the fact of service, and it was this fact that gave the trial court jurisdiction, and everything necessary to constitute a valid service of summons in the personal injury action referred to appears by the complaint in this action.

 In examining the complaint filed by the appellant herein we find there is a complete absence of the following essential facts, as set forth by the respondent, necessary to constitute a cause of action based upon fraud: A representation as to a material fact, not merely an expression of opinion; that the representation is false or knowingly so, or else recklessly made, or without reasonable ground for believing it true; that it was made to induce the other party to act or refrain from acting; that it was relied upon, and in reliance thereon action was taken or refrained from being taken; that by reliance thereon the party has suffered damages.

A succinct statement of the law as to what is necessary to be set forth to show action of a fraud is set forth in 12 California Jurisprudence, page 724, in section 12, which reads as follows: "Fraud may be the basis of an action for damages for deceit. When a cause arises out of an alleged false representation, the plaintiff, in order to. prevail, must ordinarily show that the representation was as to a material fact; that such fact was false and known to be false by the party making it, or else recklessly ,made, or without reasonable grounds for believing its truth; that the representation was made with intent to induce the other party to do or refrain from doing some act; that it was relied upon by the other party—in other words, that such other party was actually misled and deceived and induced by it to act

or refrain from acting; that in so acting or refraining from acting he was ignorant of the falsity of the representation and reasonably believed it to be true; and that he thereby· suffered damage or injury. The absence of any one of these elements is generally fatal to a recovery.'' Nothing of this kind appears in the complaint.

Other authorities might be cited and a further elucidation made of the correctness of the trial court's ruling, but what we have set forth is sufficient to show that the judgment entered in this action is proper.

The judgment is affirmed.