[L. A. No. 17012. In Bank. Nov. 25, 1941.]

D. C. HAMMELL, Appellant, v. JOHN H. BRITTON, Individually and as Administrator, etc., et al., Respondents.

Thomas H. Hearn and L. H. Pemberton for Appellant.

Leland J. Allen for Respondents.

CARTER, J.—This action is one for equitable relief in which the plaintiff attacks and seeks to have set aside a judgment rendered against him by the Superior Court for Los Angeles County. Defendants' demurrer to plaintiff's amended complaint based on insufficiency, uncertainty, ambiguity, and unintelligibility having been sustained without leave to amend, judgment of dismissal of the action was entered from which plaintiff appeals.

Plaintiff alleges in his amended complaint: That defendant John H. Britton is the administrator of the estate of Sophie Britton, who died in December, 1932, and is an heir of Sophie Britton; that defendant Frank Bryson is the administrator of the estate of John Henry Britton, who died in June, 1927, having been the husband of Sophie Britton prior to March 30, 1891, at which time they were divorced by a decree of divorce rendered by the County Court of Bent County, Colorado (this decree is hereinafter referred to as the Colorado divorce decree); that on April 19 and May 12, 1926, John Henry Britton conveyed to plaintiff certain real property situated in Los Angeles County, California; that on July 16, 1928, a judgment (hereinafter referred to as first Colorado judgment) was rendered by the County Court of Bent County, Colorado vacating the Colorado divorce decree in a proceeding in which Sophie Britton was plaintiff, and Bryson administrator of the John Henry Britton estate, and the heirs of Sophie and John Henry Britton were de-

fendants, but plaintiff was not a party; that plaintiff had no knowledge of said first Colorado judgment until November 30, 1928; that on November 18, 1933, plaintiff commenced an action in the County Court of Bent County, Colorado against the defendants herein to set aside the first Colorado judgment upon the ground that the same "was obtained by means of fraud and collusion of the said Sophie Britton" et al., and that on July 6, 1934, the Colorado court rendered its judgment (hereinafter referred to as second Colorado judgment) vacating the first Colorado judgment and declaring the Colorado divorce decree in full force and effect, and that said second Colorado judgment was given on the ground that the first Colorado judgment was "obtained through and by the means of the fraud and collusion of said Sophie Britton" et al.; that the second Colorado judgment was affirmed on appeal July 2, 1935. Plaintiff then refers to certain California judgments, the last of which he seeks by this action to have set aside, although he does not set forth those judgments. An appeal from those judgments was heard and determined by this court. **[1]** Under the circumstances we may take judicial notice of the matters contained in the records of this court on this appeal in considering the sufficiency of plaintiff's complaint, even though those matters do not appear on the face of the amended complaint. (See Code Civ. Proc., sec. 1875 (3); *French* v. *Senate,* 146 Cal. 604 [80 Pac. 1031, 2 Am. Cas. 756, 69 L. R. A. 556]; *Fey* v. *Rossi Imp. Co.,* 23 Cal. App. 766 [139 Pac. 908]; *Livermore* v. *Beal,* 18 Cal. App. (2d) 535 [64 Pac. (2d) 987]; *Sheehan* v. *Vedder,* 108 Cal. App. 419 [292 Pac. 175]; *Chavez* v. *Times-Mirror Co.,* 185 Cal. 20 [195 Pac. 666]; *City of Los Angeles* v. *Abbott,* 217 Cal. 184 [17 Pac. (2d) 993]; *Mason* v. *Drug, Inc.,* 31 Cal. App. (2d) 697 [88 Pac. (2d) 929].)

Turning to those judgments, they disclose that the action which ultimately resulted in the judgment (hereinafter referred to as second California judgment) here attacked, was commenced on August 6, 1926, by Sophie Britton against plaintiff herein and John Henry Britton, her husband, to have it declared that the above-mentioned real property in Los Angeles County, California, was the community property of Sophie Britton and John Henry Britton because they were husband and wife when Mr. Britton acquired the property, and that they had never been divorced. Plaintiff herein was

made a defendant in that action because the property had been deeded to him by Mr. Britton without Mrs. Britton's consent. That action came on for trial in November of 1928, Bryson having been substituted as administrator in place of Mr. Britton, the latter having died after the commencement of the action. The trial court gave judgment (hereinafter referred to as first California judgment) for the defendants which was reversed by this court on September 22, 1932. (*Britton* v. *Bryson,* 216 Cal. 362 [14 Pac. (2d) 502].) In its opinion rendered on said appeal, this court said:

"It appears that Sophie Britton and John Henry Britton were married in the year 1873. Five children were born as the result of that union. In March, 1891, while the parties were both domiciled in Colorado, John Henry Britton secured a decree of divorce from his wife, in the county of Bent, state of Colorado. This decree dissolved the marriage relation and in addition awarded to the wife the care, custody and control of the five children, alimony of $40 per month, and required the plaintiff in said action, John Henry Britton, to deed to defendant therein, Sophie Britton, certain real property situated in Arapahoe County, Colorado. It is the claim of Sophie Britton that this decree was *fraudulently obtained by John Henry Britton,* as they were both residents of Arapahoe County, not Bent County, Colorado, at that time, that *she was never served with summons,* and that although an attorney, one W. B. Lourance, purported to act for her in the matter, *she knew nothing of the matter and, in fact, knew nothing of the procurement of the decree until after the death of her husband,* John Henry Britton, during the pendency of this action. She further claims that the terms of the decree were never carried out by John Henry Britton, either as to the deeding of the Colorado property to her or the payment of the alimony, and that there were no circumstances to indicate to her or to arouse her suspicions that any divorce had been procured by her husband. The next month following the procurement of the divorce, in April, 1891, John Henry Britton married Rose E. Dixter in the state of Texas. Thereafter by deed dated May 13, 1916, he acquired in his own name the property which is the subject of this action [the property in California]. On March 2, 1923, John Henry Britton executed a deed conveying his interest in this and other described property to Rose E. Britton. This deed was

recorded on May 31, 1923. Subsequently on June 2, 1924, John Henry Britton executed another deed conveying this particular property to Rose Britton as her sole and separate property. This deed was recorded on July 29, 1924. On June 26, 1924, Rose Britton reconveyed said property to John Henry Britton as his separate property. This deed was recorded January 2, 1926. On April 19, 1926, John Henry Britton executed a deed of gift of said property to D. C. Hammell, reserving to himself the 'exclusive possession, use and enjoyment in his own right, of the rents, issues and profits thereof', and further reserving the right to revoke said deed and sell and convey said property. Subsequently on May 12, 1926, he executed another deed of said property to D. C. Hammell [the plaintiff herein]. This was the usual form of gift deed and contained no reservations. This deed was recorded May 14, 1926. When this suit was instituted on August 6, 1926, John Henry Britton appeared first by demurrer and then by answer. An inspection of his pleadings shows that *there was no mention therein of the divorce procured by him in 1891, and it was not until the answer of the administrator of his estate had been filed that this decree of divorce was set up as a defense.* During the pendency of this action, plaintiff instituted in Colorado a suit in equity in which Frank Bryson, as administrator of the estate of John Henry Britton, and the five children of said couple, as the heirs at law of said John Henry Britton, were named as defendants. By this action which was commenced in Bent County, Colorado, she sought to have set aside the former decree of divorce granted by said court upon the ground that it had been fraudulently procured by her husband without service upon her. Substituted service was procured upon Frank Bryson, administrator of his estate, in California, and the five children accepted service. In that action she proved to the satisfaction of the court and the court specifically found that fraud had been perpetrated by John Henry Britton upon the 'County Court of Bent County, State of Colorado' by the filing of a purported service of summons and a representation that the said W. B. Lourance, an attorney, represented the said Sophie Britton, when in fact no service had been made upon Sophie Britton and W. B. Lourance did not in fact represent Sophie Britton, and had no authority to represent her. Judgment [first Colorado judgment] was

entered on July 16, 1928, in favor of the plaintiff that 'the purported decree of divorce entered in Judgment Book 2, page 272 of the County Court of Bent County, State of Colorado, is set aside and decreed void and of no force and effect whatsoever; that the relationship of husband and wife between John H. Britton and Sophie Britton be decreed as if the said purported decree had not been entered'.

"At the trial of the instant action there were introduced by stipulation of both parties a copy of the decree of divorce procured by John Henry Britton from plaintiff in 1891, and likewise a copy of the decree of the County Court of Bent County, Colorado, of July 16, 1928, setting aside the former decree of divorce secured by John Henry Britton from Sophie Britton in 1891. *There were also introduced in evidence the depositions of Sophie Britton and her daughter, Pearl Britton. The deposition of the former contained a statement that she had never been served with a summons in a divorce action at any time, that she had never secured a divorce, and that continuously from December 4, 1873, until the death of John Henry Britton on June 29, 1927, she was his wife.* It was also stipulated that a claim for $17,000, arrearage of alimony had been filed by plaintiff against the estate of John Henry Britton, which claim was to be dismissed if the judgment in this action were favorable to the plaintiff.

"Upon the submission of the case herein, which was tried without a jury, the court, apparently upon the theory that the judgment in the divorce suit was binding upon it by virtue of the full faith and credit clause of the United States Constitution (art. IV), and that the judgment in the later suit setting aside said former decree was an idle act—an absolute nullity—gave judgment for the defendants. From this judgment plaintiff prosecutes this appeal.

"It is at once apparent that the answer to the question of whether or not the property in controversy ever was the community property of the plaintiff and the defendant, John Henry Britton, depends upon the binding effect upon the courts of this state of the two decrees of the Colorado court introduced in evidence by stipulation. At the outset it should be stated that as we understand the record the stipulation with reference to the introduction of each of these decrees in evidence went only to the authenticity of the decrees as judgments of the County Court of Bent County, Colorado,

and no further. The stipulation did not concede the jurisdiction of the court in either action, nor the validity and binding effect of either judgment. It is obvious that plaintiff did not intend by the stipulation to concede the jurisdiction of the Colorado court to render the judgment therein procured, since by the same stipulation she was introducing in evidence a subsequent decree the very purpose of which was to conclusively prove that the court in the former case was without jurisdiction. Neither did the defendants intend to concede jurisdiction to the court to enter the later decree declaring void the former divorce decree, since their sole contention upon this appeal is that said decree is powerless to affect said former decree by reason of the fact that the court' in the later action never obtained proper jurisdiction, inasmuch as no personal jurisdiction was obtained of Frank Bryson, administrator of the estate of John Henry Britton, he having been served by substituted service in California.'' (Emphasis added.) This court then proceeded to reverse the judgment of the trial court chiefly on the ground that the first Colorado judgment was valid and it conclusively established that the Colorado divorce decree was of no effect because fraudulently obtained. The case was retried and resulted in the second California judgment for Sophie Britton. On appeal therefrom that judgment was affirmed by this court on December 6, 1935. (*Britton* v. *Hammell*, 4 Cal. (2d) 690 [52 Pac. (2d) 221].) The statement there made by this court further clarifies the situation. It is said at page 691:

'' . . . John H. Britton then made deeds of gift to defendant D. C. Hammell.

''In 1926 Sophie Britton brought this action against John H. Britton and defendant Hammell to declare the deeds to Hammell void, and to compel the return of the property to the community. Answers were filed, but the divorce decree of 1891 was not pleaded. In 1927 John H. Britton died, and his administrator, Frank Bryson, substituted as a party defendant, pleaded the 1891 decree as a bar. Thereafter, in 1928, Sophie Britton brought an action in Bent County, Colorado, and procured a judgment annulling the divorce decree of 1891, for fraud.

''The lower court in the first trial of this cause held that the Colorado decree of 1891 was valid. In *Britton* v. *Bryson*,

*supra,* this court reversed the judgment. *Substantially the same evidence was presented at the new trial, and the lower court concluded that the plaintiff was still the wife of John H. Britton at the time the deeds were made,* that they were, in consequence, void for lack of her consent. Sophie Britton has since died, and her administrator has been substituted as plaintiff.'' (Emphasis added.) The decision then discusses certain legal issues not here pertinent and affirms the judgment.

Plaintiff urges that the California judgment determining that the property was community property, was based solely on the first Colorado judgment which vacated the Colorado divorce decree and thereby finding that Sophie Britton and John Henry Britton were not divorced but were married when the latter acquired the property, and that said first Colorado judgment having fallen by reason of the second Colorado judgment, the California judgment must likewise fall; and that Sophie Britton was guilty of fraud in obtaining the first Colorado judgment, and therefore the California judgment is similarly tainted with fraud and is vulnerable to his attack. Neither of his contentions is tenable.

██ Under proper circumstances an action will lie for equitable relief from a judgment when other remedies are not available; such an action is a direct attack on the judgment. (*Campbell-Kawannanakoa* v. *Campbell,* 152 Cal. 201 [92 Pac. 184]; *Caldwell* v. *Taylor,* 218 Cal. 471 [23 Pac. (2d) 758, 88 A. L. R. 1194]; *Bacon* v. *Bacon,* 150 Cal. 477 [89 Pac. 317]; *Walsh* v. *Majors,* 4 Cal. (2d) 384 [49 Pac. (2d) 598].)

██ However, a party is not entitled to that relief on grounds which would have been a defense to the original action in the absence of a showing of some appropriate equitable excuse for not having made the defense or of having been unsuccessful if made. (*McPhee* v. *Reclamation Dist. No. 765,* 161 Cal. 566 [119 Pac. 1077]; *Brum* v. *Ivins,* 154 Cal. 17 [96 Pac. 876, 129 Am. St. Rep. 137]; *Johnson* v. *Reed,* 125 Cal. 74 [57 Pac. 680]; *Beaudry* v. *Felch,* 47 Cal. 183; *Agard* v. *Valencia,* 39 Cal. 292.) ██ The only purported excuses offered by plaintiff which we are able to discover, are three. The first is that he had no notice or knowledge of the first Colorado judgment, which vacated the divorce decree entered in 1891, until November, 1928, the time of the first trial of the California action; he was not a party to the proceed-

ing resulting in the first Colorado judgment. Sophie Britton likewise knew nothing of the Colorado divorce decree until long after she had commenced her action, and it was first interposed as a defense by her husband's administrator after his death. (*Britton* v. *Bryson, supra.*) Upon learning of it, however, she obtained in Colorado the first Colorado judgment, and introduced that judgment at the first trial of the California action as a defense to the divorce decree. Assuming that plaintiff knew of the first Colorado judgment for the first time at that time, he had ample opportunity to defend against it and establish that it was fraudulently obtained, if such were the case. That he did vigorously contest it is evident from the decision of this court on the first appeal in the California action in which this court held that the first Colorado judgment was valid. (*Britton* v. *Bryson, supra.*) It cannot be doubted that he was legally entitled to contest that judgment on the ground that the Colorado court lacked jurisdiction and that the judgment was obtained by fraud. ■ A judgment of a sister state is binding upon the courts of this state *if valid* by virtue of the full faith and credit clause of the Constitution of the United States (see article IV); but the jurisdiction of the court of the sister state in which the judgment is rendered, may be questioned collaterally in another state notwithstanding the full faith and credit clause and notwithstanding the jurisdictional recitals in the judgment; if extrinsic fraud exists with respect to the jurisdiction, the judgment may be ignored. (*Britton* v. *Bryson, supra.*) As stated, plaintiff had ample opportunity to be heard and contest the first Colorado judgment. He first knew of it at the first trial of the California action in 1928. That action was tried, heard on appeal, retried and again heard on appeal resulting in a final affirmance in December, 1935, but it was not until ·November, 1933, that plaintiff commenced his action in Colorado in which he ultimately obtained the second Colorado judgment setting aside the first Colorado judgment.

■ The second ground offered by plaintiff for equitable relief is fraud. His allegations in that respect are insufficient. He alleges that he charged in the Colorado proceeding resulting in the second Colorado judgment that the first Colorado judgment was obtained by means "of fraud and collusion of Sophie Britton" and others, and that the second

Colorado judgment determined that the first Colorado judgment was obtained by means "of the fraud and collusion of said Sophie Britton" and others. There are no allegations of the facts constituting the fraud. It is elementary that in an action for equitable relief based upon extrinsic fraud in obtaining a judgment, the facts constituting the fraud must be pleaded with particularity and specifically. (*Eisenmayer* v. *Thompson,* 186 Cal. 538 [199 Pac. 798] ; *Heller* v. *Dyerville Mfg. Co.,* 116 Cal. 127 [47 Pac. 1016] ; *Berger* v. *Horlock,* 10 Cal. App. 352 [101 Pac. 918] ; *Wheat* v. *McNeill,* 111 Cal. App. 72 [295 Pac. 102] ; *O. A. Graybeal Co.* v. *Cook,* 16 Cal. App. (2d) 231 [60 Pac. (2d) 525].) But even more significant is the fact that there is not a single allegation in the amended complaint which establishes that plaintiff was prevented by fraud from making any defense available to him in the California action. ▆ If we assume that he sufficiently alleges that the first Colorado judgment was obtained by means of fraud, and that such judgment was an important factor in the California action inasmuch as it declared the divorce decree invalid and left Sophie and John Henry Britton still married, thereby giving community character to the real property acquired by the husband, still plaintiff has failed to state a case, because such fraud would be intrinsic rather than extrinsic. The first Colorado judgment constituted conclusive evidence that the divorce decree was invalid, and if obtained by fraud, was not unlike a forged instrument or perjured testimony forming the evidentiary basis for a judgment. ▆ The fraud sufficient to justify equitable relief from a judgment must be extrinsic or collateral to the questions examined or determined. (*Eisenmayer* v. *Thompson, supra; Wattson* v. *Dillon,* 6 Cal. (2d) 33 [56 Pac. (2d) 220] ; *La Salle* v. *Peterson,* 220 Cal. 739 [32 Pac. (2d) 612] ; *Swallow* v. *Tungsten Products Co.,* 205 Cal. 207 [270 Pac. 366] ; *Stenderup* v. *Broadway State Bank,* 219 Cal. 593 [28 Pac. (2d) 14] ; 15 Cal. Jur. 14.) ▆ It has been frequently stated that equitable relief from a judgment arising out of a contested action will not be granted merely because it was obtained by perjured testimony or forged documents; that constitutes intrinsic fraud against which defense may be made at the trial. False or perjured testimony is not extrinsic fraud. (*Godfrey* v. *Godfrey,* 30 Cal. App. (2d) 370 [86 Pac. (2d) 357] ; *O. A.*

*Graybeal Co.* v. *Cook, supra*; *Harvey* v. *Griffiths*, 133 Cal. App. 17 [23 Pac. (2d) 532]; *Jeffords* v. *Young*, 98 Cal. App. 400 [277 Pac. 163]; *Julien* v. *West*, 96 Cal. App. 558 [274 Pac. 421]; *La Salle* v. *Peterson, supra; Pico* v. *Cohn*, 91 Cal. 129 [25 Pac. 970, 27 Pac. 537, 25 Am. St. Rep. 159, 13 L. R. A. 336].) It must be concluded therefore that plaintiff has failed to allege extrinsic fraud entitling him to relief.

 Plaintiff was not prevented by any fraudulent conduct of defendants from presenting his full case in court. He has not set forth any equitable excuse for not having made the defense of fraud or lack of jurisdiction or for having failed to prevail thereon in the California action with reference to the first Colorado judgment, and if it may be said that he did make such a defense, then the issue is *res judicata* by the second California judgment and he is estopped to assert it in this action.

 The third justification claimed by plaintiff as a basis for equitable relief is that the full faith and credit clause of the United States Constitution compels the recognition by this court of the second Colorado judgment vacating the first Colorado judgment, and that by this proceeding in equity the second California judgment must be set aside because it rests on a false premise, that is, that the Colorado divorce decree was invalid and therefore the Brittons were husband and wife, whereas the Colorado court has now declared that its divorce decree is valid and its judgment declaring it invalid is a nullity. Plaintiff cites no authority supporting that proposition. As we have seen, plaintiff is now estopped to assert the invalidity of the first Colorado judgment having had his day in court on that issue in the California action. It may be further observed in that connection that it appears from the records of the second trial of the California action, plaintiff raised the contention that the first Colorado judgment was invalid because fraudulently obtained and introduced evidence on that issue. While it is not entirely clear what ruling was made upon an objection to that evidence, we are satisfied the court considered it. In that action Sophie Britton introduced evidence independent of the first Colorado judgment, to the effect that no service of process had been made upon her in the Colorado divorce action, and that she was married to John Henry Britton when he acquired the property in question. On his motion for a new

trial after the second trial, which was denied, plaintiff again urged that the first Colorado judgment was fraudulent. When the case was pending before this court on the last appeal, plaintiff moved this court for authorization to introduce evidence consisting of the second Colorado judgment, and called said judgment to this court's attention on petition for rehearing after decision on the appeal. Both the motion and petition were denied. Under these circumstances it cannot be seriously doubted that the California judgment was an adjudication on the validity of the Colorado divorce decree and first judgment vacating said decree. ▆▆▆ The full faith and credit clause does not compel this court to set aside a judgment rendered in this state in an action involving the same issue as that subsequently adjudicated by a court of a sister state. So to apply that clause would result in giving greater faith and credit to the judgments of the courts of other states than to those of the courts of this state. That provision of the Constitution cannot reasonably be interpreted to authorize a person to litigate a question *ad infinitum*. If full faith and credit is to be given, it should have been given to the California judgment by the Colorado court when entertaining the plaintiff's action which resulted in the second Colorado judgment. In *Martin Bros. Box Co.* v. *Fritz,* 228 Iowa 482 [292 N. W. 143], an Iowa court gave a default judgment *in personam* for plaintiff against an Indiana corporation. The corporation moved the Iowa court to vacate that judgment on the ground of lack of jurisdiction of the person. That motion was denied. Thereafter plaintiff sued on that judgment in Indiana, and the Indiana court gave judgment for the corporation on the ground that the Iowa court lacked jurisdiction. The corporation then brought an action in Iowa based upon the Indiana judgment for equitable relief from the Iowa judgment. Relief was denied and the court remarked at page 148:

"The full faith and credit clause requires the courts of one state to give to the judgment of a court of another the same effect that is accorded such judgment in the latter state. *Bowen* v. *Bowen,* 219 Iowa 550, 552 [258 N. W. 882] ; *In re Guardianship of Baxter,* 191 Iowa 407 [182 N. W. 217] ; *Secor* v. *Siver,* 165 Iowa 673 [146 N. W. 845]. Under such clause, since the Iowa judgment has been adjudicated to be valid in Iowa, the Indiana court should have enforced such judgment.

It refused to do so. We know of no decision which would support the proposition that, if a judgment has been adjudicated to be valid and enforcible by a court in Iowa, but enforcement of such judgment is thereafter refused by a court in Indiana, the Iowa court must then follow the example of the Indiana court and also refuse to enforce such judgment. We are unwilling to so construe the full faith and credit clause.''

What we have said in the foregoing opinion disposes of all of appellant's contentions and results in the conclusion that appellant cannot prevail in this action.

The judgment is affirmed.

Gibson, C. J., Shenk, J., Curtis, J., Edmonds, J., and Traynor, J., concurred.